UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOSE LEON GONZALEZ-LONGORIA, | Case No. 1:17-cv-01587-MJS |
|---|---|
| Petitioner, | **ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS MATTER** |
| v. | |
| DENNIS WONG, et al., | **FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS** |
| Respondents. | |
| | **(ECF NO. 1)** |
| | **THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is in the custody of the Bureau of Prisons at United States Penitentiary Atwater in Atwater, California. He has filed the instant petition for writ of mandamus pursuant to 28 U.S.C. § 1361. He contends that Warden Andre Matevousian has unlawfully seized funds from his trust account and limited his incoming mail as an unauthorized form of punishment.

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Legal Standards Applicable to Petitions for Writ of Mandamus

A writ of mandamus is a request that the court compel an officer or employee of the United States to perform a duty owed to the petitioner. 28 U.S.C. § 1361; Allied Chemical Corp. v. Deiflon, Inc., 449 U.S. 33, 34 (1980); see also Deutsch v. United States, 943 F. Supp. 276, 279 (W.D.N.Y. 1996) (finding jurisdiction over mandamus claim based on prisoner's request to expedite deportation proceedings). However, mandamus is an extraordinary remedy. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998); Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994); Stang v. IRS, 788 F.2d 564, 565 (9th Cir. 1986). Mandamus is only available when (1) the petitioner's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); Patel, 134 F.3d at 931; Barron, 788 F.2d at 1374.

## III. Discussion

Petitioner has failed to meet the basic threshold for mandamus relief. Either he is challenging the execution of his sentence, in which case his claims may be cognizable in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, or he is challenging the conditions of his confinement, in which case his claims may be cognizable in a civil rights action brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the "federal analogue" to an action brought pursuant to 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 254, 255 n.2 (2006).

1 Under either circumstance, he has not shown that no other adequate remedy is available.

Mandamus relief is therefore unavailable. This defect cannot be cured through amendment.

**IV.     Construing Action as Habeas Corpus or Civil Rights Action**

The Court chooses not to construe the petition for writ of mandamus as a petition for writ of habeas corpus or as a civil rights action because Petitioner specifically chose to file a petition for writ of mandamus. (ECF No. 1 at 1.) Petitioner is the master of his pleading and the Court will respect his choice. See Bogovich v. Sandoval, 189 F.3d 999, 1001 (9th Cir. 1999) ("'[T]he party who brings a suit is master to decide what law he will rely upon.'") Furthermore, as stated, the petition's passing reference to disciplinary sanctions makes it unclear whether Petitioner raises a challenge to the execution of his sentence that may be brought in a habeas petition, or a challenge to the conditions of his confinement which may only be brought in a civil rights action.

**V.      Conclusion and Recommendation**

Petitioner is not entitled to mandamus relief. Accordingly, it is HEREBY RECOMMENDED that the petition be dismissed without prejudice to Petitioner bringing his claims in either a petition for writ of habeas corpus or a civil rights action.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772

F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 7, 2018  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE